# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAROLD ALLEN, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) Case No. _____ |
| BILL ME LATER, INC., D/B/A PAYPAL CREDIT, | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Bill Me Later, Inc. ("BML") removes this case from the Court of Common Pleas for Luzerne County, Pennsylvania to the United States District Court for the Middle District of Pennsylvania. In support of this Notice of Removal, BML states as follows:

**I.   BACKGROUND**

1.   On or about October 25, 2016, plaintiff Harold Allen ("Plaintiff") initiated this action, styled *Harold Allen v. Bill Me Later, Inc., d/b/a PayPal Credit*, Case No. 201610949, by filing a complaint (the "Complaint") against BML in the Court of Common Pleas of Luzerne County, Pennsylvania (the "State Court Action").

2.      A copy of the Complaint was served on BML on October 28, 2016. No other documents have been filed in the State Court Action. Pursuant to 28 U.S.C. § 1446(a), BML has attached true and correct copies of "all process, pleadings, and orders served" upon BML in the State Court Action as Exhibit A.

3.      In the Complaint, Plaintiff alleges that BML "caused to be made an unknown number of calls to Plaintiff's cell phone number […] using either an automatic telephone dialing system . . . or an artificial or prerecorded voice […] [without] the Plaintiff's prior express consent." *See* Compl. at ¶¶13, 17, 19.

4.      Plaintiff alleges that these calls harmed him because they were "a nuisance and invasion of privacy," interfered with his "rights and interests in [his] cellular telephone, and "intrud[ed] upon Plaintiff's seclusion." *See* Compl. at ¶¶14-16.

5.      Based thereon, the Complaint raises a single claim under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*., and demands between $500 and $1,500.00 per call. *See* Compl. at ¶¶ 21-23.

## II.     BASIS FOR REMOVAL JURISDICTION

6.      This Court has original jurisdiction under 28 U.S.C. § 1331 as Plaintiff alleges violations of a claim or right arising under the laws of the United States.

7. Specifically, the Complaint alleges violations of the TCPA, 47 U.S.C. § 227, *et. seq.* *See generally* Compl.

8. Therefore, this action is subject to removal pursuant to 28 U.S.C. §§ 1331 and 1441 at the request of BML, because Plaintiff's claims arise under the laws of the United States.

### III. VENUE

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a) and 1441(a), because the United States District Court for the Middle District of Pennsylvania is the federal court embracing the Court of Common Pleas of Luzerne County, Pennsylvania, where Plaintiff originally filed the State Court Action.

### IV. PROCEDURAL COMPLIANCE

10. Plaintiff purported to serve BML by serving a copy of the summons and complaint upon BML's registered agent on October 28, 2016. *See* Ex. A.

11. This Notice is timely because it has been filed within the thirty day period prescribed by 28 U.S.C. § 1446(b).

12. The time for BML to answer, move, or otherwise plead in the State Court Action in response to the Complaint has not yet expired, and BML has not answered, moved, or otherwise responded to the Complaint.

13. The documents attached hereto as Exhibit A constitute all of the process, pleadings, and orders received by BML to date.

14. Written notice of the filing of this notice of removal is being forwarded to counsel of record for Plaintiff, as well as to the Prothonotary of the Court of Common Pleas of Luzerne County, Pennsylvania, pursuant to 28 U.S.C. § 1446(d). *See* Notice of Filing Notice of Removal (Exhibit B hereto).

15. By filing a Notice of Removal in this matter, BML does not waive its right to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and BML specifically reserves the right to assert any defenses and/or objections to which it may be entitled.

16. Without conceding the availability of any particular remedy or category of damages, this action involves a controversy arising under the laws of the United States, as appears from the allegations of Plaintiff's Complaint. Accordingly, this action is one over which this District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and this matter may be removed to this Court under 28 U.S.C. § 1441.

WHEREFORE, notice is given that this action is removed from the Court of Common Pleas of Luzerne County, Pennsylvania, to the United States District Court for the Middle District of Pennsylvania.

Dated: November 23, 2016

Respectfully submitted,

By: /s/ *Daniel JT McKenna*
Daniel JT McKenna, Esquire (Pa. ID 93930)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 665-8500
Facsimile: (215) 864-8999
mckennad@ballardspahr.com
*Attorneys for Defendant Bill Me Later, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Defendant Bill Me Later, Inc.'s Notice of Removal was electronically served on this date upon the following:

> Brett Freeman, Esq.
> Sabatini Law Firm, LLC
> 216 N. Blakely Street
> Dunmore, PA 18512
>
> *Attorney for Plaintiff*

By: /s/ *Daniel JT McKenna*
     Daniel JT McKenna

Dated: November 23, 2016